# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3933 | **DATE** | 10/4/2001 |
| **CASE TITLE** | Vanita Kaye Driver vs. Arbor Management, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion to vacate September 25, 2001 summary judgment order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Supplement to Memorandum Opinion and Order. Nothing in Driver's tardy submission identifies any genuine issue of material fact in this case, so that Arbor remains entitled to a judgment as a matter of law. Driver's motion to vacate is denied, and this action remains dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 5 - 2001 | |
| | Notified counsel by telephone. | | date docketed | 26 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SN | courtroom deputy's initials | 01 OCT -4 PM 4: 28 | 10/4/2001 date mailed notice SN mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VANITA KAYE DRIVER,  )
                     )
          Plaintiff, )
                     )
     v.              )     No.  00 C 3933
                     )
ARBOR MANAGEMENT, INC., )
                     )
          Defendant. )

## SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

On September 28, 2001 counsel for Vanita Kaye Driver ("Driver") served notice of the proposed October 9 presentment of a motion to vacate this Court's September 25 memorandum opinion and order ("Opinion") that had granted the Fed. R. Civ. P. ("Rule") 56 motion for summary judgment filed by Arbor Management ("Arbor"). This Court had issued the Opinion because of the total absence of any response by Driver to Arbor's motion, even though that response had been due fully three weeks earlier. Driver's proposed motion to vacate has been accompanied by (1) a belated response to Arbor's original motion, (2) objections to Arbor's Statement of Material Facts and (3) Driver's own Statement of Material Facts as required by LR 56.1(b).[1]

---

[1] Because this supplement assumes familiarity with the Opinion, it does not repeat either the standards for summary judgment or the undisputed facts. In addition, the usage of all defined names, case names and terms in the Opinion is adhered to here. Additional facts provided in Driver's LR 56.1(b) statement are included in the discussion as necessary and are cited as "D. St. ¶--," while Driver's response to Arbor's LR 56.1(a) statement is cited as "D. Resp. ¶--." As before, citations to Driver's deposition are given simply as "Dep. --."

26

To avoid any prejudice to Driver for her attorney's failure to have complied with the established briefing schedule, Driver's current motion will be entertained. For the reasons briefly outlined below, however, Driver's new submissions call for no change in the result. This action remains dismissed.

## Retaliation

Driver first argues that she has developed sufficient evidence to demonstrate the existence of a genuine issue of material fact on her claim of unlawful retaliation. To that end she contends that she has provided evidence supporting each of the three elements required to establish a prima facie case for retaliation as set out in <u>McClendon</u>, 108 F.3d at 796 and cases cited there. Not so.

First, in an effort to show that she engaged in statutorily protected expression, Driver makes much of her having complained to Arbor's Manager Struchill about assertedly unfair treatment that she was receiving from her supervisor Cross before she was transferred to the position at Diekman (D. St. ¶12). But at no time did Driver even suggest to Struchill that she believed or suspected that Cross' complained-of treatment was motivated by race-based animus. In fact, Driver has expressly admitted the opposite (D. Resp. ¶56, quoting Dep. 34):

> I complained to [Struchill], but not about discrimination. I never--because actually I didn't know what was going on, why it was going on, so I had no reason to think to complain to [Struchill] that it

2

was discrimination.

By definition, the complaints at issue are not statutorily protected expression--for that purpose the expression must at least suggest to the employer (if not state outright) that the employee reasonably believes she is being treated in a discriminatory manner because of her race or other protected classification (see Gleason v. Mesirow Fin., Inc., 118 F.3d 1134, 1146-47 (7th Cir. 1997)).[2] Because Driver concededly did not complain to Struchill about race discrimination, she flunks the very first test for a prima facie case of retaliation.[3]

That alone scotches Driver's retaliation claim. But she has also failed to present evidence of the third ingredient of a prima facie case for retaliation: a causal connection between her activity and Arbor's assertedly adverse action (her transfer to Diekman).[4] In that respect she argues for an inferred

---

[2] Driver's Memorandum of Law (cited "D. Mem.--") cites a number of wholly-off-the-point decisions (D. Mem. 3), for each of those cases involved complaints that clearly expressed the employees' beliefs that their employers were discriminating on the basis of race or sex--as Driver's did not.

[3] As Driver admits at D. Mem. 2, her other complaints occurred after her transfer to Diekman, so of course they cannot have inspired a retaliatory transfer.

[4] What follows in the text assumes arguendo that Driver has succeeded on the second element of a prima facie case by creating a genuine issue of material fact about whether her transfer to Diekman constituted an adverse employment action that resulted in diminished job responsibilities and income opportunities (D. St. ¶¶21-22).

3

connection because her complaint to Struchill occurred just a few months before her transfer.[5] But while sufficiently close temporal proximity between protected activity and adverse action can be a factor in establishing a causal connection, Driver cannot rely simply on the timing element to make her case for her.

Johnson v. Sullivan, 945 F.2d 976, 980 (7th Cir. 1991), on which Driver seeks to rely in that respect, holds only that an adverse action following closely after protected activity--in that case, the termination of employment the day after an employee filed a lawsuit alleging discrimination--may indeed support an inference of causal connection. But more recently Contreras v. Suncast Corp., 237 F.3d 756, 765 (7th Cir. 2001)(a decision to which Driver does not refer) has reiterated our Court of Appeals' earlier (and post-Johnson) teaching "that absent other evidence of retaliation, a temporal relation is insufficient evidence to survive summary judgment." Contreras and not Johnson controls here.

Driver's retaliation claim has thus sustained two strikes in a game in which one strike is out. It remains dismissed.

---

[5] Although D. Mem. 3 describes that complaint as occurring "sometime just before Christmas of 1999," the parties have agreed that it happened in November 1999 (D. Resp. ¶28). Driver's transfer to Diekman was effective on February 7, 2000 (D. Resp. ¶37).

4

## Constructive Discharge

Driver does little to support her claim of constructive discharge other than to assert, with virtually no analysis, that she has met the two-step test set out in Simpson, 196 F.3d at 877 for finding a constructive discharge: (1) her working conditions were so intolerable that a reasonable person would have been compelled to resign and (2) those intolerable conditions resulted from unlawful discrimination. Opinion at 12-13 has already explained the difficulty of meeting that standard, citing to and quoting from relevant caselaw.

In this instance Driver's assertions of her treatment at the hands of Cross are taken as true for summary judgment purposes, but they fall far short of the standard for egregious behavior that she must meet under the authorities. Hence her constructive discharge claim also remains dismissed.

## Racial Discrimination

Finally, Driver claims to have shown racial discrimination through both direct and indirect evidence (see Jackson, 176 F.3d at 982). She has done neither.

Driver's purported direct evidence of discrimination is her version of a conversation she had with Elizabeth Williams ("Williams"), an Arbor Assistant Manager, after Driver's resignation. Williams then allegedly told her that Cross

5

discriminated against African-Americans (D. St. ¶47).[6] But that asserted statement, even if made, does not meet the threshold test of Rule 56(e), for it is inadmissible hearsay.

By definition, Driver's account of such an out-of-court statement, obviously sought to be offered for its truth, is classic hearsay under Fed. R. Evid. ("Evid. Rule") 801(c) unless it qualifies as one of the nonhearsay types of statements coming within Evid. Rule 801(d). Here Driver seeks to invoke Evid. Rule 801(d)(2)(D) on the premise that as Cross' assistant Williams was "uniquely qualified to make the observation" regarding Cross' treatment of African-Americans.

But that completely misses the fundamental requirement of Evid. Rule 801(d)(2)(D) that the employee's statement sought to be introduced must have been made within the scope of her employment (Krause v. City of La Crosse, 246 F.3d 995, 1002 (7th Cir. 2001)). Here Williams' job consisted of supervising some of the kitchen employees and handling paperwork (Williams Dep. 6). It is undisputed that her conversation with Driver occurred after working hours (and when Driver was no longer an Arbor employee), and it did not touch on matters within Williams' responsibility as an Arbor employee (id. 27). Because anything that Williams

---

[6] It is worth noting, though this supplement does not rely on this fact, that Williams did not mention that the two discussed racial discrimination when she described the same conversation in her deposition (Williams Dep. 27-28).

6

might have said in that conversation falls wholly outside the scope of her employment, it is inadmissible.

Driver fares no better in presenting indirect evidence of racial discrimination. While she speaks of several instances of disparate treatment with respect to her working conditions, she has presented no evidence to create a legitimate factual issue as to whether Cross took any adverse action against Driver because she is African-American (see <u>Carson</u>, 82 F.3d at 158, quoted in Opinion at 9).[7] That also disposes of Driver's hostile work environment claim, for there is zero indication that any claimed harassment she sustained was based on her race (see <u>Mason v. Southern Ill. Univ.</u>, 233 F.3d 1036, 1043 (7th Cir. 2000)). In sum, Driver's disparate treatment claim also remains dismissed.

## Conclusion

Nothing in Driver's tardy submission identifies any genuine issue of material (that is, outcome-determinative) fact in this case, so that Arbor remains entitled to a judgment as a matter of

---

[7] At several points Driver's Memorandum misrepresents the evidence that she gave at her deposition. For example, D. Mem. 24-25 states that Cross never provided her with substitute workers whenever a worker failed to report for work, while Driver actually testified (Dep. 88) that Cross would send over substitute workers whenever someone was available. Similarly, D. Mem. 25 argues that other workers--several of whom were themselves African-American--received extra pay for assuming additional work duties. But that is of no moment--Driver testified at Dep. 157 that she herself was always paid for all of the hours she put down on her time sheet, including for work she did at home.

7

law. Driver's motion to vacate is denied, and this action remains dismissed with prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 4, 2001